UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **American General Life Insurance Co.,** | ) | **CASE NO. 1:25 CV 112** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Willie Rogers Holland III,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendant Nicole Wingard's Motion for Summary Judgment. (Doc. 28). For the following reasons, the motion is UNOPPOSED and GRANTED[1].

**Facts**

Plaintiff American General Life Insurance Company filed this Complaint for Interpleader

---

[1] The Motion for Summary Judgment was filed on October 3, 2025. Pursuant to Local Rule 7.1(d), defendants were required to file their briefs in opposition within 30 days. This Court also held a telephonic status conference on October 22, 2025, and defendants were aware at that point of the pending motion. Defendants are well beyond the expiration of the time period for filing their briefs and have failed to do so.

Relief against defendants Willie Rogers Holland III (Willie Holland), Nicole Wingard (Wingard), Jackie Holland (Holland), and Sherry Hasley (Hasley). As supported by the attached documentation, the Complaint alleges the following: On November 20, 2010, Willie Rogers, Jr. (the decedent) purchased a Life Insurance Policy (the Policy) from American General Life and Accident Insurance Company with a face amount of $50,000.00. The Policy's application listed Willie Holland as the 55% primary beneficiary, and Jackie Holland, Nicole Wingard, and non-party Lisa Rogers each as 15% primary beneficiaries. Plaintiff administered the Policy.

On March 27, 2013, plaintiff received a Beneficiary Change Request form for the Policy which listed Sherry Hasley as the 50% primary beneficiary, Willie Holland as a 13% primary beneficiary, Wingard and non-party Lisa Rogers each as 12.34% primary beneficiaries, and Jackie Holland as a 12.32% primary beneficiary.

On December 10, 2013, plaintiff received a Beneficiary Change Request form for the Policy which listed Willie Holland as the 50% primary beneficiary, with Wingard, Hasley, Jackie Holland, and non-party Lisa Rogers each as 12.5% primary beneficiaries.

On January 17, 2017, plaintiff received a Beneficiary Change Application form for the Policy which listed Wingard as the sole primary beneficiary.

Non-party Lisa Rogers predeceased the decedent. The decedent died on September 8, 2024, and the Policy's death benefit of $50,000.00 became due and payable to the beneficiary or beneficiaries.

On September 17, 2024, Wingard submitted a claim for the death benefit due under the Policy. On September 18, 2024, Willie Holland wrote to inform plaintiff that he was challenging the validity of the January 17, 2017 Beneficiary Change Application naming Wingard as 100%

2

primary beneficiary. (Doc. 1 Exs. A-F).

The Complaint sets forth one claim for interpleader relief to resolve the conflicting claims to the death benefit. On October 2, 2025, this Court granted plaintiff's motion for discharge and dismissal with prejudice. Also on that date, the Court entered a default judgment against defendant Willie Holland. Accordingly, the remaining parties are Nicole Wingard, Jackie Holland, and Sherry Hasley.

On May 1, 2025, Wingard issued discovery requests to Holland and Hasley. Hasley responded to the requests and claimed that the March 2013 Beneficiary Change Request was the controlling application because Wingard wrongfully submitted the January 2017 Beneficiary Change Application form on behalf of decedent who was suffering from a head injury. (Doc. 28 Exs. 4, 5). Holland did not respond to the discovery requests.

This matter is now before the Court upon defendant Nicole Wingard's Motion for Summary Judgment. Neither remaining defendant has opposed the motion.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

3

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993).  The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Wingard moves for summary judgment against remaining defendants Holland and Hasley. Neither defendant responded to the motion. For the following reasons, the Court agrees with Wingard that the facts are undisputed and summary judgment in her favor is appropriate.

Wingard correctly maintains that Holland's failure to respond to the discovery requests deems the requests for admissions admitted and, therefore, there is no genuine issue of material fact regarding this defendant.

Rule 36 of the Federal Rules of Civil Procedure "permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact." *Johnson v. McNational, Inc.,* 2025 WL 3066468, at *1 (S.D. Ohio Nov. 3, 2025) (citing *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (citing *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009)). Federal Rule of Civil Procedure 36(a)(3) provides, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Further, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

On May 1, 2025, Wingard served her First Set of Interrogatories, Requests for Admissions, and Requests for Production of documents on Holland. (Doc. 28 Ex. 9). On May 28, 2025, Wingard's counsel emailed Holland and informed him that the responses were due the next day. Counsel inquired as to the status of the responses and whether Holland needed additional time and, if so, how much additional time. Holland responded, "This is the first time I am seeing this so yes I need more time." In response to counsel's inquiry as to how much time was needed, Holland responded on May 29, 2025, with a paragraph narrative accusing Wingard of manipulating his father and merely stating, "Need time." (Doc. 28 Ex. 7). As no further response was forthcoming, Wingard's counsel notified Holland by letter of June 10, 2025, that pursuant to

Federal Rules of Civil Procedure 33, 34, and 36, Holland's email response to the discovery requests was not proper and he gave Holland until June 20, 2025, to provide responses. (Doc. 28 Ex. 8). Holland did not provide any further responses. Accordingly, he has not provided any evidence, beyond his own speculation, that the January 2017 Beneficiary Change Application is invalid or that Wingard is not entitled to 100% of the Policy proceeds. Additionally, all Requests for Admission are deemed admitted which establish that all the change forms are authentic and the January 2017 Beneficiary Change Application form is authentic, properly authorized by the decedent, properly processed by plaintiff, and is controlling in this matter so as to establish Wingard as the sole primary beneficiary named under the Policy. (Doc. 28 Ex. 9).

Defendant Hasley asserted in her answer that Wingard's status as sole beneficiary was "wrongful." (Doc. 28 Ex. 6). Additionally, Hasley responded to Wingard's discovery requests and as to Request for Admission number 4, she responded "No" to the statements that the December 2013 and January 2017 Beneficiary Change forms were authentic, legitimate, and properly authorized by the decedent. As to the January 2017 Beneficiary Change Application form, Hasley stated, "No, because Mr. Rogers was battling a head injury and going back and forth to the doctors and hospital." (Doc. 28 Ex. 5, Numbers 4, 7). However, there is no evidence to support Hasley's speculation. The facts established herein are undisputed which show that the January 2017 Beneficiary Change Application form is notarized and attached to the Complaint along with all the other documents referenced herein whose authenticity is not disputed by any evidence. (Doc. 1 Exs. A-F). Hasley has not controverted the authenticity of the pertinent document. Accordingly, Hasley has not raised a genuine issue of material fact as to Wingard's entitlement to 100% of the Policy's proceeds.

**Conclusion**

For the foregoing reasons, defendant Nicole Wingard's Motion for Summary Judgment is unopposed and granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court

Dated: 11/18/25